

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-844
Re: Whether the State should have
paid costs of assessing proper-
ty in precincts Nos. 1, 2 and
4, Matagorda County, during the
operation of Senate Bill No.
54, Second Called Session, 38th
Legislature.

In your letter of November 9, 1939, you direct
our attention to Senate Bill No. 54, chapter 48, page
102, Second Called Session, 38th Legislature, and re-
quest our opinion as to what part of the assessment
fees in Matagorda County the State should have paid dur-
ing the existence of such act. Said Senate Bill No. 54
reads in part:

"Section 1. That because of great
public calamities occurring in the coun-
ties of Matagorda and Wharton and ser-
iously threatening the total destruction
of the towns of Matagorda, Bay City and
Wharton, and the devastation of the
greater part of the agricultural lands
of said districts, above defined, the
inhabitants of and property in said dis-
tricts, in accordance with Section 10
of article VIII of the State Constitu-
tion shall be, and are hereby released
for a period of twenty-five (25) years
as hereinafter provided, from the pay-
ment of taxes levied for State purposes
in said two districts as follows:

"1. All of the State ad valorem

taxes levied for State purposes a ainst
the inhabitants and property in com-
missioners precincts Nos. one, two and
four of Matagorda County and in all of
Wharton County, including the rolling
stock belonging to railroad companies,
which shall be ascertained and appor-
tioned as provided by law.

"*  *  *

"Sec. 3.  The tax assessors of
said county of Matagorda and said
county of Wharton, shall each, respec-
tively, assess for taxation the prop-
erty and persons, firms, companies and
associations of persons in their re-
spective districts above defined in
the usual manner as required by law,
and the tax collectors of each of said
counties shall, or shall not, collect
the said State taxes, in said districts,
as he may be ordered and directed to do
by the Comptroller of Public Accounts
as hereinafter provided."

The act also provided that such relief should
be conditioned upon the voters' residing in the affected
precincts, voting an issue of bonds at least equal to the
amount of taxes released.  It is our understanding that
the bonds were voted.

Senate Bill No. 281, chapter 162, Regular Ses-
sion, 38th Legislature, was very similar to said Senate
Bill No. 54, except that said Senate Bill No. 281 released
the inhabitants and property in the county of Hidalgo from
the payment of State ad valorem taxes for a period of 25
years, such release covering the whole of Hidalgo County
instead of only three precincts as was the case of the
Matagorda County release.  In the case of Sheppard v.
Hidalgo County, 83 S. W. (2d) 649, the Supreme Court, in
an opinion by Judge German, Commissioner, held that said
Senate Bill No. 281, the Hidalgo County release, was void;
however, House Bill No. 101, chapter 401, page 1594, First
and Second Called Sessions, 44th Legislature, apparently
removed the questions resulting in such holding, and on
motion for rehearing the Supreme Court, calling attention

to said House Bill No. 101, in 90 S. W. (2d) 811, withdrew its said former opinion. The 44th Legislature, in House Bill No. 114, chapter 402, page 1598, First and Second Called Sessions, 44th Legislature, made an amended grant of the State ad valorem taxes collected in precincts Nos. 1, 2 and 4 for the purpose of removing the questions thus raised by the Supreme Court in its opinion in 83 S. W. (2d) 649. We shall assume, however, that said Senate Bill No. 54 was constitutional.

In our opinion No. O-287, addressed to Honorable George H. Sheppard, Comptroller of Public Accounts, we held that the State was not due to pay any of the assessment fees accruing in Hidalgo County during the period that said Senate Bill No. 281 was in force, except the pro rata amounts due by the pension and school funds. However, in that opinion we called attention to Article 3938, Revised Civil Statutes, providing that:

> "The Comptroller, on receipt of the
> rolls, shall give the assessor an order
> on the collector of his county for the
> amount due him by the State for assessing
> the State taxes to be paid out of the
> first money collected for that year,"

and pointed out that since all of the State ad valorem taxes levied for State purposes in that county had been released, there was no fund such as that contemplated by said Article 3938, out of which the assessment fees ordinarily paid by the State could be drawn, unless it should be said that all of such commissions should be paid out of the school fund or pension fund. Since the school and pension funds are expressly provided by Constitution (Article VIII, section 9, and Article III, section 51) we did not believe that it was contemplated that the share of the assessment costs ordinarily paid out of the taxes collected for the State's general fund, should be met by withdrawals from the school and pension funds. However, in the case of Matagorda County, the State ad valorem taxes were not released in precinct No. 3; hence, there was a fund out of which the State's share of the assessment costs could be paid as provided by said Article 3938. In view of such fact, we do not believe it can be said that it was contemplated that the county fund should bear any more than its usual share of the assessment costs. The county funds received no accretions by reason of the release of the inhabitants and

Honorable Geo. H. Sheppard, page 4


property in precincts Nos. 1, 2 and 4 from the payment of the State ad valorem taxes.

Our answer to your question, therefore, is that the State should have paid the same part of the assessment fees as it would have paid if Senate Bill No. 54 had never been enacted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

(signed)

By

Glenn R. Lewis
Assistant

GRL:LW

APPROVED: December 13, 1939

Gerald C. Mann (signed)
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY B.W.B.
CHAIRMAN